## GRIFFIN v. MILLER.

[No. 5,774. Filed October 31, 1905.]

1. PLEADING.—*Complaint.*—*Assumpsit.*—*Money Had and Received.*—A complaint showing that defendant appropriated $300 of plaintiff's money delivered to defendant to be given to plaintiff's wife and that he also appropriated the proceeds of a $1,300 draft delivered to him by plaintiff for indorsement only, such draft being the property of plaintiff, is good. p. 406.

2. APPEAL AND ERROR.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence in a case triable by jury. p. 407.

3. SAME.—*Damages.*—Where the facts warrant, the Appellate Court will assess damages against an appellant. p. 407.

From Superior Court of Marion County (68,112) ; *John L. McMaster,* Judge.

Action by William R. Miller against Jeremiah Griffin. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*John J. Rochford, Richard M. Coleman* and *Henry N. Spaan,* for appellant.

*John T. Lecklider* and *David A. Myers,* for appellee.

COMSTOCK, J.—This case was tried upon the third paragraph of the complaint, the first and second having been withdrawn. The answer to said paragraph was a general denial. There was a trial by jury and a verdict and judgment in favor of the appellee in the sum of $1,550. The errors relied upon for reversal are: (1) That the third paragraph of complaint does not state facts sufficient to constitute a cause of action. (2) That there was error in overruling appellant's motion for a new trial.

The third paragraph of complaint alleges in substance that the defendant is indebted to the plaintiff for money had and received as principal and interest in the sum of $1,700; that on or about July 20, 1904, the plaintiff delivered to the defendant $300 in cash, with instruction that he pay said sum to the plaintiff's wife, and take her receipt therefor, and return said receipt to plaintiff, and that the defendant promised to pay said sum of $300 as instructed, and return to plaintiff a receipt as indicated; that on said 20th day of July the plaintiff and defendant went to the Merchants National Bank in Indianapolis, and purchased a draft for the sum of $1,300, which draft was made payable to the order of the defendant, in the name and style of Jerry Griffin, and that said draft was paid for out of money owned by and belonging to the plaintiff, and was in fact purchased for the sole use and benefit of the plaintiff, and was then and there delivered to the plaintiff, but through oversight and inadvertence said draft was not indorsed by the defendant; that the plaintiff left for California on said date, and after his arrival there discovered that he could not procure the cash on said draft, for the reason that the same was payable to the order of the defendant, whereupon he mailed the draft to the defendant to be indorsed and returned to him in

California; that the defendant received said draft about August 1, 1904, but, instead of indorsing and returning the same to plaintiff, the defendant procured the cash on said draft and appropriated the money to his own use, and has ever since said date refused to account for the same, though frequently requested and commanded to do so; that the defendant still holds said sum of $300, received as aforesaid, and that he has not paid said sum of money to the plaintiff's wife as he promised, and has refused to account for the sum of $300, although frequently requested and commanded to do so.

It is conceded by appellant that that part of the paragraph of the complaint in question, based upon the $300 paid to appellant for the use of appellee's wife, is good. This disposes of the first specification of error, but it is proper to add that the paragraph in question was not tested by demurrer in the trial court, and it, containing the statement of sufficient facts to bar another action for the same cause, is therefore under numerous decisions good, when questioned for the first time upon appeal. But he insists, that being true, that that part of the motion for a new trial which alleges the amount of recovery is excessive ought to be sustained.

As to the second specification of error, we have read the evidence. Between that of appellant and appellee there is a conflict, upon which the jury have passed. They have given credit to the testimony of the appellee, and it affords ample ground for the amount of the judgment. The facts as they appear of record call for the assessment of damages in favor of appellee.

Judgment affirmed, and five per cent. damages assessed.